IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLETON DOUGLAS BRYANT,         Case No. 6:12-cv-00178-AA
       OPINION AND ORDER
     Plaintiff,

   v.

TROY MICKELSEN, an Albany
police officer, and the CITY
OF ALBANY, OREGON,

     Defendants.
_____

Carleton Douglas Bryant
1042 SW Belmont Avenue, #46
Albany, Oregon 97321
    Pro se plaintiff

Gerald L. Warren
901 Capital Street NE
Salem, Oregon 97301
    Attorney for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Troy Mickelsen and the City of Albany move for summary judgment, pursuant to Fed. R. Civ. P. 56, on plaintiff Carleton Bryant's claim. Plaintiff filed a cross-motion for summary judgment.[1] For the reasons set forth below, defendants' motion for summary judgment is granted and plaintiff's motion is denied.

## BACKGROUND

On December 14, 2011, plaintiff was sitting in a parked car at the Amtrak train station in Albany, Oregon. At approximately 10:00 p.m., plaintiff was approached by the night janitor, R.J. Hampton, who asked plaintiff why he was in the parking lot. Plaintiff refused to answer stating he did not need to "justify my presence." Mr. Hampton warned plaintiff that, if he did not leave, the police would be called.

Plaintiff did not leave. As such, at approximately 10:05pm, Mr. Hampton called the police. Within ten minutes, a uniformed Albany police officer, Troy Mickelsen, arrived at the scene. Officer Mickelsen approached plaintiff's vehicle and asked him why he was sitting in the parking lot. When he neglected to provide a reason, Officer Mickelsen ordered plaintiff to leave the parking lot. Plaintiff refused, explaining that he did not have to listen

---

[1] Plaintiff entitled his motion "Partial Motion for Summary Judgment on the Issue of Culpability/Liability"; plaintiff, however, has only alleged one claim in this case, which is fully briefed in his motion. See generally Pl.'s Mot. Summ. J. As such, the Court construes plaintiff's motion as one for summary judgment as to all issues.

Page 2 - OPINION AND ORDER

to Officer Mickelsen because he was on "federal property." Officer Mickelsen did not take any further action at that time; instead, he left the Amtrak station in order to verify who had jurisdiction over the parking lot.

Officer Mickelsen then spoke with his supervisor, who explained that the property in question was owned by the City of Albany and overseen by the Albany Police Department. Accordingly, Officer Mickelsen returned to the Amtrak parking lot with back-up officers and approached plaintiff's vehicle for the second time. Officer Mickelsen informed plaintiff that the City of Albany owned the area on which he was parked; plaintiff therefore was asked to leave immediately or face criminal trespass charges. Plaintiff eventually chose to leave the premises.

On January 31, 2012, plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983, alleging that defendants violated his "Fifth Amendment right to be secure in his liberty" by ordering him "to vacate a public parking lot absent any authority or exigent reasoning to do so." Compl. at pg. 5. Plaintiff seeks damages in the amount of $250,000. Subsequently, the parties cross-moved for summary judgment.

## STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine dispute as to any material fact and that the [moving party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive

law on an issue determines the materiality of a fact. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

While difficult to decipher, plaintiff appears to be alleging that defendants' inquiry into why he was parked in a public parking lot, and Officer Mickelsen's subsequent request that he leave the parking lot, violated his Constitutional rights.[2]  Defendants

---

[2] Plaintiff was never arrested or detained; thus, the Court surmises that plaintiff's claim arises out of defendants' "assault on [his] peace" rather than any wrongful arrest or physical interference. Compl. at pg. 5.

Page 4 - OPINION AND ORDER

assert that plaintiff's claim lacks merit, and therefore must be dismissed as a matter of law, for a number of reasons.

I.  Preliminary Matters

Two preliminary matters must be addressed before reaching the substantive merits of the parties' cross-motions for summary judgment. First, plaintiff filed a request for judicial notice. Second, defendants filed an evidentiary objection, pursuant to LR 56-1, regarding plaintiff's additional declaration.

A.  Request for Judicial Notice

In support of his claim, plaintiff requests that this Court take judicial notice of: 1) a "history of the grounds on which the incident between the defendants and plaintiff took place"; and 2) the fact that "Amtrak has its own police force." Pl.'s Mot. Judicial Notice 2-3.

Under the Federal Rules of Evidence, judicial notice may be taken at any stage in the proceedings. Fed. R. Evid. 201(f). The "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

As such, facts contained in public records are generally considered appropriate subjects for judicial notice. Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). The court, however, may not take judicial notice of documents, regardless of whether they meet the requirements of

Page 5 - OPINION AND ORDER

Fed. R. Civ. P. 201(b), that are unrelated to the matter at issue. Hart v. Parks, 450 F.3d 1059, 1063 n.2 (9th Cir. 2006).

Here, plaintiff provides two pages of personal narrative regarding the history of the Amtrak train station pursuant to his request for judicial notice. Plaintiff, however, fails to address how this narrative relates to the present dispute and does not cite to a single source or provide any authority for the alleged facts set forth therein. The Court presumes that plaintiff requested notice of these materials in order to demonstrate that the property on which he was parked is owned privately by Amtrak. Plaintiff's bare assertions, however, are insufficient to meet the requirements of Rule 201(b). See McDaniels v. BAC Home Loans Servicing, 2011 WL 3841588, *2 (D.Or. Aug. 29, 2011) (judicial notice is appropriate "only when the matter is beyond controversy").

More importantly, the history of the Amtrak train station has no bearing on the alleged violation of plaintiff's liberty interests. These materials are unrelated to the present dispute and, accordingly, plaintiff has not provided any basis for this Court to take judicial notice. See, e.g., Hart, 450 F.3d at 1063 n.2. Thus, plaintiff's request for judicial notice is denied.

B. Evidentiary Objection

Defendants make an evidentiary objection to a letter that Mr. Hampton wrote to his supervisor at Amtrak, in which he apologizes for calling the police; plaintiff attaches Mr. Hampton's letter as an exhibit to his additional declaration. Defendants assert that the letter is inadmissible because it is hearsay, irrelevant, and

Page 6 - OPINION AND ORDER

not properly authenticated.

Plaintiff invokes the catch-all exception to the hearsay rule to justify admitting Mr. Hampton's letter. See Pl.'s Surreply Mem. 1 (citing Fed. R. Evid. 807). Under this exception, hearsay is not excluded if "the statement has equivalent circumstantial guarantees of trustworthiness" and "is offered as evidence of a material fact." Fed. R. Evid. 807.[3] "The 'circumstantial guarantees of trustworthiness' required by Rule 807 are not present where . . . 'no corroboration [is] available'" for the statement. Boyd v. City of Oakland, 458 F.Supp.2d 1015, 1038 (N.D.Cal. 2006) (quoting Bulthuis v. Rexall Corp., 789 F.2d 1315, 1316 (9th Cir. 1985)).

As defendants correctly point out, the letter that plaintiff submitted is "unsigned and unsworn" and, thus, not corroborated. Defs.' Reply to Mot. Summ. J. 1. In addition, the letter is not probative to any material fact; whether Mr. Hampton erred in reporting plaintiff's presence in the parking lot to the police does not effect this Court's analysis of whether defendants violated plaintiff's constitutional rights. Therefore, Mr. Hampton's letter is inadmissible under FRE 807.

II. Section 1983 Claim

As a threshold matter, defendants argue that plaintiff's claim fails because the Fifth Amendment does not apply in this case. In addition, defendants contend this action must be dismissed, as a matter of law, because: 1) there is "no liberty interest to park in

---

[3] FRE 807 lists two additional requirements in order for the exception to apply. See Fed. R. Evid. 807(a)(2), (3). Those requirements, however, are not relevant to this dispute.

Page 7 - OPINION AND ORDER

a vacant city-owned parking lot when asked to leave"; 2) plaintiff has no claim against the City of Albany "[s]ince there is no vicarious liability for § 1983 claims"; and 3) Officer Mickelsen has qualified immunity. Defs.' Mem. in Supp. of Mot. Summ. J. 5-8.

### A. Threshold Issue

The Fifth Amendment "appl[ies] only to actions of the federal government - not to those of state or local governments." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). Thus, the Fifth Amendment is inapplicable because plaintiff's claim is premised on the allegedly wrongful actions of a municipality and its employee.

Since plaintiff is proceeding pro se, however, his briefs are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Further, "[l]iberty is protected from unlawful state deprivation by the due process clause of the Fourteenth Amendment." Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Therefore, consistent with the liberal standards that apply to pro se litigants, the Court construes plaintiff's section 1983 claim as alleging a violation of his Fourteenth Amendment liberty interest.

### B. Substantive Merits of Plaintiff's Claim

To state a claim under section 1983, plaintiff must allege that: 1) the conduct complained of deprived him of an existing federal constitutional or statutory right; and 2) the conduct was committed by a person acting under color of state law. See West v.

Atkins, 487 U.S. 42, 48 (1988); L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993).

There are a number of federally recognized liberty interests under the Fourteenth Amendment; however, the "protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 272 (1994) (citing Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 847-49 (1992) (collecting cases in which substantive due process rights have been recognized)).

Here, plaintiff's claim to be free from inquiry while parking in a public lot is markedly different from those previously recognized rights. Further, plaintiff has not cited to, and this Court is not aware of, any authority that holds, either directly or by analogy, that the Due Process Clause of the Fourteenth Amendment protects such an interest. In fact, plaintiff fails to address this issue in his complaint or briefs. Therefore, this Court declines to recognize a substantive due process interest in the right be free from questioning, or in the right to be free from being asked to leave for refusing to appropriately respond to such questioning, while in a public parking lot. Accordingly, because plaintiff failed to establish a prima facie case, his section 1983 claim fails as a matter of law.

Moreover, plaintiff's claim against the City of Albany fails for an additional reason. A local governing body, such as a municipality, cannot be liable under 42 U.S.C. § 1983 because of

its status as an employer. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) (local governing body cannot be vicariously liable based on respondeat superior theory under section 1983).

Rather, liability of a local governing body arises only when "action pursuant to official ... policy of some nature caused a constitutional tort." Id. Thus, the "'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."[4] Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986).

Accordingly, the "circumstances in which a municipality may be sued for constitutional violations under § 1983 are carefully circumscribed." Fuller v. City of Oakland, Cal., 47 F.3d 1522, 1534 (9th Cir. 1995). In addition, a single constitutional deprivation is generally insufficient to establish a practice or custom. Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir.), cert. denied, 528 U.S. 928 (1999) (citing Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), cert. denied, 520 U.S. 1117 (1997)).

Plaintiff does not allege that the City of Albany had a policy

---

[4] Despite this well-settled precedent, plaintiff nonetheless asserts that the City of Albany can be liable under a respondeat superior theory. See Pl.'s Mot. Summ. J. 3 (citing Owen v. City of Independence, 445 U.S. 622, 657 (1980)). Plaintiff, however, misinterprets Owen, in which the Supreme Court, relying on Monell, held that a government body can only be liable under section 1983 based on the execution of an official policy or custom. See Owen, 445 U.S. at 657.

Page 10 - OPINION AND ORDER

or custom that led to a violation of his constitutional rights; in fact, plaintiff did not address this element in his complaint or briefs. Further, plaintiff's theory of liability arises out of a single incident. Thus, even if Officer Mickelsen had violated plaintiff's constitutional rights, plaintiff's section 1983 claim against the City of Albany nonetheless fails as a matter of law.

Finally, while it is unnecessary to address whether Officer Mickelsen's actions were protected by qualified immunity, as this issue is not dispositive, the Court notes that, where, as here, a plaintiff fails to demonstrate that the right violated was clearly established at the time of the allegedly wrongful conduct, qualified immunity generally applies. See Mattos v. Agarano, 661 F.3d 433, 446-48 (9th Cir. 2011), cert. denied, 2012 WL 993728 (U.S. May 29, 2012).

## CONCLUSION

Plaintiff's request for judicial notice (doc. 8) is DENIED. Moreover, defendants' motion for summary judgment (doc. 13) is GRANTED and plaintiff's cross-motion for summary judgment (doc. 18) is DENIED. Accordingly, this case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.
Dated this 4th of June 2012.

_____
Ann Aiken
United States District Judge